IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JASON ROBERT BOURQUE | § | |
| v. | § | CIVIL ACTION NO. 6:23cv294 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Jason Bourque, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of disciplinary action taken against him during his confinement in TDCJ-CID. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Petitioner's Claims**

Petitioner states that he is challenging disciplinary case no. 20230052953, charging him with having "a positive test result for a controlled substance, namely methamphetamine, as a result of a reasonable suspicion drug test." (Docket no. 1-1, p. 2). He pleaded not guilty but was found guilty, receiving as punishment 45 days of cell and tablet restrictions, 60 days of telephone restrictions, a reduction in classification status from State Approved Trusty III to Line Class I, and the loss of 360 days of good time credits.

Petitioner complains that he requested to attend the hearing but was not allowed to do so, he was denied the right to present documentary evidence or to have witnesses testify, he was denied the right to question witnesses through his counsel substitute or to make a statement on his own behalf, and he was denied the right to discuss the evidence with his counsel substitute.

1

## II. Legal Standards and Analysis

The primary issue in the case is whether or not Petitioner has demonstrated the denial of a constitutionally protected liberty interest. The Supreme Court has held that the States may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, but these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

While some prior cases held that the mandatory or discretionary language of the regulations involved determined whether or not a liberty interest existed, the Supreme Court announced in *Sandin* that this analytical framework has "strayed from the real concerns undergirding the liberty protected by the Due Process Clause." Rather than examining the language of the regulations, the Supreme Court specifically disapproved of the mandatory or discretionary language analysis, stating that the operative interest involved was the nature of the deprivation. Id., 515 U.S. at 473 and n.5. In other words, those deprivations - the punishments imposed as a result of the challenged disciplinary case - which do not exceed the prisoner's sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, and which do not impose atypical or significant hardships upon the prisoner in relation to the ordinary incidents of prison life, do not implicate any constitutionally protected liberty interests.

The Supreme Court cited Vitek v. Jones, 445 U.S. 480, 493-94, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (transfer to mental hospital triggers Due Process Clause) and Washington v. Harper, 494 U.S. 210, 221-222, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) (involuntary administration of psychotropic drugs implicates Due Process Clause), as examples of restraints which trigger the Due Process Clause of their own force, but stated that the incarceration in disciplinary segregation present in Sandin did not create the type of deprivation in which the State might have created a

liberty interest. Sandin, 515 U.S. at 479 n.4, 481-82. As a result, the Supreme Court held that neither the prison regulations at issue nor the Due Process Clause itself afforded the inmate a protected liberty interest entitling him to the procedural protections of Wolff v. McDonnell, 418 U.S. 539, 563-66, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Sandin, 515 U.S. at 487. The fact that the plaintiff in Sandin was not permitted to call witnesses at his disciplinary hearing was not sufficient to accord him relief because no protected liberty interest was at stake.

In the present case, Petitioner states that he received a reduction in classification status as well as cell, telephone, and tablet restrictions. None of these punishments exceeds Petitioner's sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nor did they impose atypical or significant hardships in relation to the ordinary incidents of prison life. *See* Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992) (no protected liberty interest in custodial classification); Lewis v. Dretke, 54 F.App'x 795, 2002 U.S. App. LEXIS 28227, 2002 WL 31845293 (5th Cir., December 11, 2002) (30 days of cell and commissary restrictions, including restrictions of recreation and attending religious services and library sessions, plus 90 days of telephone restrictions, 15 days of solitary confinement, and reductions in classification and custodial status did not implicate any protected liberty interests). Petitioner has not set out a constitutional violation regarding these deprivations. *See* Carmouche v. Hooper, — F.4th —, 2023 U.S. App. LEXIS 20891, 2023 WL 5116377 (5th Cir., August 10, 2023) (in order to invoke the procedural protections of the Fourteenth Amendment's Due Process Clause, a §1983 complainant must first show a protected liberty interest is at stake).

Petitioner also states that he lost 360 days of good time credits. Under certain conditions, the loss of good time could inflict a punishment imposing an atypical and significant hardship upon an inmate, because the loss of such time could result in the denial of a liberty interest in early release from prison.  This condition exists where an inmate is eligible for release on mandatory supervision. *See* Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (release on mandatory supervision is arguably a liberty interest in the State of Texas); Vaccaro v. Lumpkin, slip op. no. 20-40484, 2021

U.S. App. LEXIS 23004, 2021 WL 3233915 (5th Cir., May 19, 2021) (loss of good time does not involve a protected liberty interest where the prisoner is not eligible for release on mandatory supervision).

Petitioner claims that he is eligible for release on mandatory supervision.  However, the on-line records of TDCJ and Henderson County show that he is serving a life sentence for arson. *See* https://inmate.tdcj.texas.gov/Inmate_Search/viewDetail.action?sid=08544861 ; https://portal-txhenderson.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=130770. Prisoners convicted of arson are statutorily ineligible for release on mandatory supervision. Tex. Gov. Code art. 508.149(a)(10) (Vernon 2009). In addition, inmates serving life sentences are not eligible for release on mandatory supervision. Arnold v. Cockrell, 306 F.3d 277, 279 (5th Cir. 2002), *citing* Ex Parte Franks, 71 S.W.3d 327, 328 (Tex.Crim.App. 2001).

Because Petitioner is not eligible for release on mandatory supervision, any loss of good time could only affect his possible release on parole, inasmuch as Texas law provides that the sole purpose of good time credits is to accelerate eligibility for release on parole or mandatory supervision. Tex. Gov. Code, Art. 498.003(a).

The Fifth Circuit has expressly held that there is no constitutional right to release on parole in the State of Texas. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Under these circumstances, the loss of good time credits do not affect a constitutionally protected right, but only the "mere hope" of release on parole. This hope is not protected by due process.  *See* Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979); *accord*, Gilbertson v. Texas Board of Pardons and Paroles, 993 F.2d 74, 75 (5th Cir. 1993).

In addition, the timing of Petitioner's release is too speculative to give rise to a constitutionally protected liberty interest. Malchi, 211 F.3d at 959. Hence, Petitioner has not shown that the loss of good time deprived him of any constitutionally protected liberty interests.  White v. Jenkins, 735 F.App'x 855, 2018 U.S. App. LEXIS 24244, 2018 WL 4090604 (5th Cir., August 27,

2018) (prisoner who is not eligible for release on mandatory supervision has no constitutional expectancy of early release and so has no protected liberty interest in his good time credits), *citing Arnold*, 306 F.3d at 279.

Because none of the deprivations imposed upon Petitioner implicated any constitutionally protected liberty interests, his claim for habeas corpus relief is without merit. <u>Vaccaro</u>, 2021 U.S. App. LEXIS 23004 at *1; <u>Toney v. Owens</u>, 779 F.3d 330, 336 (5th Cir. 2015) (the procedural protections of the Due Process Clause are triggered only where there has been a deprivation of a constitutionally protected life, liberty, or property interest).

### III. Conclusion

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or the district court judge issues a certificate of appealability.  28 U.S.C. §2253(c)(1)(A).  A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See* <u>Alexander v. Johnson</u>, 211 F.3d 895, 898 (5th Cir. 2000).

The prerequisite for a certificate of appealability is a substantial showing that the petitioner has been denied a federal right.  <u>Newby v. Johnson</u>, 81 F.3d 567, 569 (5th Cir. 1996).  This requires the petitioner to demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. <u>James v. Cain</u>, 50 F.3d 1327, 1330 (5th Cir. 1995).

Petitioner has failed to make a substantial showing that he has been denied a federal right. Nor has he shown that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. Consequently, Petitioner is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice.  It is further recommended that a certificate of appealability be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 28th day of August, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

6